# Krupp v. Whelan et al.

May 17, 1949.

As modified on denial of rehearing June 24, 1949.

Lorenzo K. Wood for appellant.

Wyatt & Grafton for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—
Affirming.

Appellees filed this action against appellant to quiet their title to a tract of land in Jefferson County consisting of 2¾ acres, a portion of which is claimed by appellant as part of a twenty-seven acre tract adjacent to and lying north of the 2¾ acres. The case was submitted to the Chancellor on the pleadings, proof, and exhibits, and judgment was entered in favor of appellees.

Appellees rely on their record title, and appellant relies on adverse possession and her record title. Appellees admit appellant owns twenty-seven acres to the north of and adjacent to their property, and appellant admits that appellees owned 2¾ acres adjacent to and south of their property. Thus the issue in respect to the record title is drawn sharply, and involves locating and piecing together the two tracts that they may occupy all the area described in the deeds under which both parties claim, and allocating to appellees 2¾ acres of the southernmost tip of the combined area, which, under either contention, is triangular in shape. Under appellant's contention, the northwest corner of her

boundary would commence approximately 135′ east of the point fixed by the Chancellor in upholding the contention of appellees. The confusion developed as a result of changes in the course of the highway with which the western boundary of both tracts originally ran. The highway now has been straightened, perhaps widened, and its exact original location is incapable of ascertainment with any degree of certainty.

But we will digress for the moment to dispose of appellant's contention that she is entitled to the strip in dispute under her plea of adverse possession. In testifying concerning adverse possession appellant was asked the following questions and made the following answers:

"Q. I will ask you if it is true, as testified by Mr. Figg (one of appellees' antecedent in title) on Page 65 of his deposition, in which he makes this statement in response to Question 39:

" 'You knew it shortly after you bought that ground in 1942, did you not?' "

And his answer was:

" 'Well, when I bought the ground she (appellant) come down and tole me, said, "I hate to see Wigginton take your money because that ground is supposed to belong to us." ' "

"Did you have that conversation with Chester Figg in 1942, shortly after he bought that land, in which you told him that you hated to see Wigginton take the money because the ground belongs 'to us'—yourself? A. No. That's the 2¾ acres that he bought.

"Q. That's what I mean, the 2¾ acres. A. But that didn't belong to us.

\*　　\*　　\*　　\*　　\*　　\*

"Q. And you stated that you had corn and hay, grain, on this part of Zehnder's map marked as Exhibit 1? A. Yes.

"Q. In the yellow portion which is now in controversy? A. Yes.

"Q. When did you last grow crops on that ground? A. I will say about twenty years ago.

\*　　\*　　\*　　\*　　\*　　\*

"Q. You have had no possession of this property since 1941, have you? A. What do you mean, what property?

"Q. Of the 2¾ acres? A. I never did possess it, never tried to.

\*    \*    \*    \*    \*    \*

"Q. Your tract of land is described in your deed as 27 acres, more or less? A. Yes.

"Q. Is that correct? A. I wouldn't know.

"Q. Have you ever claimed any more ground in that tract than 27 acres? A. No, more or less, as you said.

\*    \*    \*    \*    \*    \*

"Q. Now Mrs. Krupp, you stated, I believe, that you at no time have claimed to own any part of the 2¾ acres established by the Zehnder survey? A. No.

\*    \*    \*    \*    \*    \*

"Q. Are you in possession of this ground in controversy now? A. Yes.

"Q. How do you have possession of it? A. I bought it.

\*    \*    \*    \*    \*    \*

"Q. After you found out about the fact that Mr. Wigginton had gotten title to this 2¾ acres and you talked to Mr. Figg in 1942 about it, did you take any action to recover possession of it for yourself? A. What possession? That was the 2¾ acre tract. I had no right to that at all."

Despite her present contention, this testimony of appellant shows that at no time did she claim or pretend to be the owner of more land than the twenty-seven acres described in her deed, wherever it may be; on the contrary, at all times she has recognized appellees as the owners of the 2¾ acre tract described in their deed, wherever it may be. That being true she now may not rely on title by adverse possession. Wilson v. Shepherd, 244 Ky. 225, 50 S. W. 2d 540. Thus the claims of the parties to the land in dispute must be decided on the

evidence in respect to their respective record titles, further discussion of which we now will resume.

Both tracts are described in the respective deeds as commencing in one instance at a stone and in the other at a stake in the north line of the old Louisville-Shepherdsville Turnpike, now the Preston Street Road. Both tracts were portions of a larger boundary owned by Henry and Michael Krupp previous to May 7, 1886, on which date the 2¾ acres was conveyed to E. D. Standiford, one of appellees' predecessors in title. The first call in that deed is:

"Beginning at a stake in the north line of the Louisville and Shepherdsville Turnpike right of way and also at the Tilden line, thence etc."

The twenty-seven acre boundary first was conveyed as a single tract in the year 1910, appellant being named grantee in the deed of conveyance. The first call in that deed reads:

"Beginning at a stone on the north side of Preston Street Pike, formerly a corner of Dennis Connor, thence etc."

The Dennis Connor tract was adjacent to and north of appellant's twenty-seven acre tract and its southern boundary was common to the northern boundary of the twenty-seven acre tract for an unascertained distance. Both the southeastern corner and the southwestern corner of the Connor tract touched appellant's land. It is appellant's contention that the point of beginning in the description contained in her deed was the southeastern corner of the Connor tract, whilst appellees contend it to have been the southwestern corner. If appellees' contention is correct, the beginning corner is approximately twenty feet within the present right of way of the Preston Street Highway. If appellant's contention is correct the beginning corner lies approximately 115' east of the Preston Street Highway right of way. Civil engineers were introduced to sustain the contentions of both parties: Mr. Oreskovich by appellees, Mr. Zehnder by appellant. The Oreskovich survey and plat supports the contention of appellees in its entirety, whilst the Zehnder plat supports the contention of appellant in its entirety. We are of the opinion that existing cir-

cumstances lend weight to the verity of the Oreskovich survey. Several conveyances of land to the east of the properties run to the eastern boundary of both the twenty-seven acre and the 2¾ acre tracts. To adopt the Zehnder plat would, by indirection, affect the title to all adjacent properties; and, if followed in future litigation, would encroach on the boundaries described in the deeds of adjacent property owners. Additionally, such decision would leave a triangular strip of land between the two tracts and the present right of way of the Preston Street Highway without color of title or claim of ownership on the part of anyone. The Chancellor adopted the Oreskovich survey and plat as the true and correct one. Had he adopted the Zehnder plat we would have had considerable doubt as to the correctness of his findings, but we do not even entertain a doubt of the findings he made pursuant to which the judgment herein was entered.

The judgment is affirmed.